```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
_____

BILLY L. ROHWEDDER,              )   ORDER DENYING MOTION &
                                 )   MEMORANDUM DECISION
          Plaintiff,             )
                                 )   Case No. 2:12-CV-281 CW
     v.                          )
                                 )   District Judge Clark Waddoups
STATE OF UTAH,                   )
                                 )
          Defendant.             )
_____
```

Plaintiff, Billy L. Rohwedder, filed a *pro se* prisoner civil rights complaint.[1] Plaintiff now moves for appointed counsel.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5]

---

[1] *See* 42 U.S.C.S. § 1983 (2013).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2013); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's motion for appointed counsel is DENIED[6]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 7th day of March, 2013.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court

---

[6] (*See* Docket Entry # 5.)